**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-60333

BURNSED OIL COMPANY INC.

Plaintiff-Counter Defendant-Appellee

v.

CELESTE C. GRYNBERG

Defendant-Counter Claimant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
USDC No. 3:03-CV-358

Supplemental Order Designating Amount of Damages Awarded Celeste C. Grynberg

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In our opinion of March 25, *Burnsed Oil Co. v. Grynberg*, No. 08-60333, 2009 U.S. App. LEXIS 6331 (5th Cir. Mar. 25, 2009) (unpublished), we affirmed in part and reversed in part the judgment of the district court. As noted in that opinion, counsel for both parties agreed at oral argument that they would be able

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to determine, on the basis of the record, the appropriate amount of damages once informed of our decision.[1]  Therefore, rather than remand to the district court for the calculation of damages, we directed the parties to file a joint statement as to the amount of Grynberg's damages within thirty days.  The parties have now submitted this joint statement.  Accordingly, we supplement our March 25 opinion with the following.

As submitted by the parties, Grynberg's damages total $32,778.14, which includes 8% prejudgment interest from the date of each underpayment, compounded annually.  We now render judgment for Grynberg in that amount.  Post-judgment interest at the federal rate will accrue from March 25, 2009.  *See* 28 U.S.C. § 1961; *Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) ("Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law.").  We thank counsel for both parties for their professionalism in avoiding unnecessary expense and delay.

AFFIRMED in part and REVERSED in part, and a judgment of $32,778.14 RENDERED.

---

[1] As we stated in our March 25 opinion, this agreement in no way prejudices the parties' right to seek rehearing or other relief that might be available under the Federal Rules of Appellate Procedure.